1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McALLISTER,<br><br>                               Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; "K" LINE RORO BULK SHIP MANAGEMENT CO., LTD.; BELOCEAN SHIPPING, S.A.; PASHA HAWAII HOLDINGS, LLC; and DOES 1-10, inclusive,<br><br>                              Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>                            Third-Party Plaintiff,<br><br>v.<br><br>SHANGHAI HIGHWAY, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, "K" LINE RORO BULK SHIP MANAGEMENT CO., LTD., BELOCEAN SHIPPING, S.A., and UNKNOWN DEFENDANTS | Case No.: 3:19-cv-01490-MMA-AHG<br><br>In Admiralty<br><br>**ORDER SETTING DEADLINES REGARDING LETTERS OF UNDERTAKING** |

|   |   |
|---|---|
| 1-10, *in personam*, | |
| | Third-Party Defendants. |
| UNITED STATES OF AMERICA, | |
| | Third-Party Plaintiff, |
| v. | |
| M/V MARJORIE C, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, | |
| | Third-Party Defendant. |

The Court held a Status Conference in this matter on July 24, 2020. ECF No. 71. During the Status Conference, the Court addressed an ongoing dispute between Defendant/Third-Party Plaintiff the United States and Defendants/Third-Party Defendants Pasha Hawaii Holdings LLC ("Pasha"), "K" Line RoRo Bulk Ship Management Co., Ltd. ("'K' Line"), and Belocean Shipping, S.A. ("Belocean"). The dispute concerns whether Pasha and "K" Line/Belocean are required to provide security to the United States in lieu of arrest of their vessels named in this action—Pasha's vessel, the M/V Marjorie C, and "K" Line/Belocean's vessel, the Shanghai Highway—and, if so, the reasonable amounts of security for each vessel.

Following the Early Neutral Evaluation Conference ("ENE") in this matter on June 10, 2020, the Court ordered the parties to meet and confer regarding the appropriate amounts of security for each vessel involved in this action, and to provide a Joint Status Report to the Court on that issue by June 24, 2020. ECF No. 60. Before the Joint Status Report was due, the Court also addressed Pasha's request for immediate court intervention regarding United States' demand for security in lieu of arresting the M/V Marjorie C when she returned to San Diego on June 18, 2020. *See* ECF Nos. 61, 63.

In the Joint Status Report, the parties reported that "K" Line/Belocean objected to providing any amount of security in the form of a Letter of Undertaking ("LOU") to the

United States, based on "K" Line/Belocean's position that there is no evidence the Shanghai Highway was a cause of the incident underlying this litigation. ECF No. 64 at 3. Although Pasha agreed to provide an LOU, Pasha and the United States could not reach an agreement on the LOU amount. *Id.* at 4. The United States requested that the Court set the amount of security in the LOUs for each vessel pursuant to its authority under Supplemental Admiralty Rule E(5)(a), which provides:

> Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

Neither Pasha nor "K" Line/Belocean indicated a position on whether the Court should set the security amount pursuant to this provision, although the parties reported that Pasha offered an LOU for $750,000 and the United States demanded an LOU of $3 million (despite its belief that an LOU in the range of $5-$7 million would be warranted). ECF No. 64 at 3-4. Plaintiff took no position on the LOU negotiations. *Id.* at 4.

During the July 24, 2020 Status Conference, the Court expressed its tentative opinion that an LOU amount of $1.25 million for each vessel would be reasonable. However, the Court gave the parties the option to stipulate to the tentative amount or otherwise to bring a contested joint motion setting forth each side's position on the LOU issue.

Accordingly, **IT IS HEREBY ORDERED:**

(1) No later than **July 31, 2020**, counsel for the United States, Pasha, and "K" Line/Belocean must meet and confer to decide whether to file a joint (uncontested) motion stipulating that the Court should decide a reasonable

3

3:19-cv-01490-MMA-AHG

amount of security for each vessel, in accordance with its tentative opinion. Any such joint uncontested motion must be filed by that date.

(2) If the parties do not agree that the Court should decide the reasonable amount of security in accordance with its tentative opinion, counsel must notify the Court of the impasse by **July 31, 2020** via email at efile_goddard@uscourts.gov. The Court will then set a briefing schedule for a joint **contested** motion, permitting the parties to brief their arguments more fully.

**IT IS SO ORDERED.**

Dated: July 27, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge