UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McALLISTER,<br><br>                                  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; "K" LINE RORO BULK SHIP MANAGEMENT CO., LTD.; BELOCEAN SHIPPING, S.A.; PASHA HAWAII HOLDINGS, LLC; and DOES 1-10, inclusive,<br><br>                                  Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>                          Third-Party Plaintiff,<br><br>v.<br><br>SHANGHAI HIGHWAY, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*, "K" LINE RORO BULK SHIP MANAGEMENT CO., LTD., BELOCEAN SHIPPING, S.A., and UNKNOWN DEFENDANTS | Case No.: 3:19-cv-01490-MMA-AHG<br><br>In Admiralty<br><br>**STIPULATED ORDER REGARDING VIDEO DEPOSITIONS**<br><br>**[ECF No. 76]** |

| | |
|---|---|
| 1 | 1-10, *in personam*, |
| 2 |             Third-Party Defendants. |
| 3 | UNITED STATES OF AMERICA, |
| 4 | |
| 5 |             Third-Party Plaintiff, |
| 6 | v. |
| 7 | M/V MARJORIE C, her engines, apparel, electronics, tackle, boats, appurtenances, |
| 8 | etc., *in rem*, |
| 9 |             Third-Party Defendant. |

This matter comes before the Court on the Stipulated Motion for Order Regarding Video Depositions filed in the above case on August 4, 2020. ECF No. 76. Plaintiff Anthony McAllister, along with Defendants United States, "K" Line RoRo Bulk Ship Management Co., Ltd. (""K" Line"), and Belocean Shipping, S.A. ("Belocean"), Pasha Hawaii Holdings LLC ("Pasha Hawaii"), and M/V MARJORIE C, *in rem,* have stipulated to certain procedures with regard to taking remote depositions in the midst of the ongoing COVID-19 pandemic, and request the Court issue an Order regarding the same.

Upon due consideration, and good cause appearing, the Stipulated Motion (ECF No. 76) is **GRANTED**. The Court enters the following Stipulated Order:

On March 13, 2020, a National Emergency was declared in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic. The numbers of confirmed COVID-19 cases and deaths within the United States continue to increase daily. The United States has more COVID-19 cases than any other country. *See e.g.*, *United States v. Frazier*, 2020 WL 3392976 (D. Utah 2020).  The Centers for Disease Control and Prevention ("CDC") has issued guidance to combat the spread of COVID-19, and to promote the health and well-being of the nation. This guidance includes recommendations that all Americans avoid close contact with others (*i.e.*, being within six feet) and wear cloth face coverings in public or when around others. Despite this guidance, the CDC continues to report thousands of new COVID-19 cases in the United States each day. Available evidence also suggests there is difficulty in accurately tracking the spread of COVID-19 because many cases go undetected due to varying degrees of symptoms and a lack of available testing.

Government and judicial orders require that residents stay at home, practice social distancing, and otherwise have required judicial proceedings to be conducted remotely.  In civil cases, the use of remote depositions using technology such as Zoom and WebEx has been used to allow civil discovery to move forward expeditiously, yet at the same time balance the health and safety concerns of all persons who otherwise would be involved in "face-to-face" depositions, including counsel, witnesses, court reporters, videographers,

plus other persons, such as family members and other persons who may come into contact with deposition participants following a deposition. *See, e.g., Hawkins v. The Kroger Co.*, No. 3:15-cv-02320-JM-AHG (ECF No. 139) (S.D. Cal. Apr. 22, 2020) (Order granting joint motion to conduct remote depositions because of COVID-19 pandemic), *Sinceno v. Riverside Church in the City of N.Y.*, 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (approving all depositions being taken by "telephone, videoconference, or other remote means" in view of the COVID-19 pandemic); *see also Pearlstein v. Blackberry Ltd.*, 2020 U.S. Dist. LEXIS 47032, at *2-3 (S.D.N.Y. Mar. 16, 2020) (same); *Thomas v. Wallace, Rush, Schmidt, Inc.*, 2020 WL 3247380, at *2 (M.D. La. Mar. 18, 2020) (same). *Cf. Automatic Equip. Mfg. Co. v. Danko Mfg.*, 2020 WL 1182006, at *2 (D. Neb. Mar. 12, 2020) (permitting parties to hold *Markman* hearing by videoconference); *ResCap Liquidating Tr. v. Primary Residential Mortg.*, 2020 WL 1280931, at *3-*4 (D. Minn. Mar. 13, 2020) (COVID-19 "establish[ed] good cause for remote testimony."); *Joffee v. King*, 2020 WL 3453452 at *6 (S.D.N.Y. June 24, 2020) (discussing in detail the risk to health and life posed by face-to-face depositions); *Townhouse Restaurant v. NUCO2 LLC*, 2020 WL 3316021 (S.D. Fla. May 5, 2020) (detailing risks of face-to-face depositions and ordering protocols for the use of remote depositions, and setting forth specific protocols for the taking of remote depositions).

In order to facilitate the taking of depositions in a manner that addresses the health and safety concerns stemming from the pandemic, and, further, to provide protocols for the use of remote technology in the taking of remote depositions, **IT IS HEREBY ORDERED:**

Until further Order of the Court, depositions in this case shall be remote depositions *via* use of remote technology, as set forth below, and such depositions shall be conducted in accordance with the following general principles and protocols. Following issuance of this Order, the parties shall confer regarding implementation of the protocols and shall confer with respect to scheduling depositions presently noticed and any depositions to be noticed thereafter.

## **GENERAL PRINCIPLES**

1. This Order is intended to allow the parties to continue deposition discovery in light of the ongoing COVID-19 pandemic, with the goal of completing discovery by the current February 12, 2021 fact discovery deadline.

2. Counsel should recognize that the COVID-19 pandemic requires the parties to be flexible in completing deposition discovery in this litigation. The parties are encouraged to take steps that will enable deponents, deposing counsel, defending counsel, and attending counsel to complete depositions in a manner that also takes into account the needs of dependent care and personal health care. In light of the developing public health situation, the parties and non-parties shall meet, confer, and cooperate with one another regarding the scheduling of depositions and the procedures for taking depositions. In doing so, the parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to illnesses or dependent care needs of attorneys, deponents, or the court reporter.

3. Deposing counsel and defending counsel agree to notice depositions sufficiently early to allow defending counsel time to prepare the deponent to testify remotely and agree to accommodate reasonable scheduling requests.

4. Unless otherwise stated, this Order is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders.

## **PROCEDURES FOR TAKING DEPOSITIONS**

1. The applicable Federal Rules of Civil Procedure and Southern District of California Local Rules shall be followed at all times. This includes, but is not limited to, prohibited contact with a witness during the course of a deposition.

2. The court reporter for a deposition conducted via video conference may administer the oath or affirmation to the deponent remotely.

3. No other attendees other than the parties to the subject lawsuit, their representative counsel, and counsel for the witness, shall be allowed to participate in the video conference deposition without prior consent of all counsel. This includes appearing

individually within the video conference platform and/or being present within the room where the attendee is viewing the video conference deposition.

4. The court reporter's transcript shall serve as the official record of the witness's testimony. Should circumstances arise which renders the court reporter's transcript unavailable, then a new transcript can be created by use of the video recording of the deposition.

5. Any deposition taken by means of video conference shall be conducted using Zoom, WebEx or a similar videoconferencing platform equipped with the ability to video record the deposition. The court reporter shall serve as the host of the video conference as provided by the videoconferencing platform.

6. As the host of the video conference, the court reporter shall video record the witness using the recording function of the videoconferencing platform. Alternatively, if a videographer is provided by the court reporting service, such videographer may control the recording function of the platform. The court reporter or videographer, as the case may be, shall also announce each time he/she has activated and deactivated the record function on the videoconferencing platform.The video recording of the deposition created by use of the recording function of the videoconferencing platform shall be deemed the equivalent of a video recording made by a videographer and shall be available for use in trial as though prepared by a videographer.

7. No participant in the deposition may utilize the "chat" function (or similar private communication function) of the video-conference platform, except to facilitate the sharing of documents during the deposition. In no event shall the "chat" function be used for any counsel to communicate directly with the witness.

8. At no time during the deposition shall any counsel text, message, email, or transmit any messages to the witness(es) in order to help respond to any and all questions.

9. Before the witness is sworn, all cellphones shall be placed in the silent mode. All parties and counsel will disable notifications on their devices to avoid disruption of the audio and video stream during the deposition.

10. The witness and all counsel or parties appearing on the record shall state their

appearances clearly for the record, and they shall not disable their cameras during the deposition unless there is a break or unless they are necessarily appearing by telephone. Counsel or parties who are not deponents may use mute during the deposition. However, the deponent shall not use mute during the deposition unless there is a break.

11. All documents or other exhibits, except those to be used for impeachment, shall be shared with all counsel no later than two (2) days prior to the deposition and said documents shall be bate-stamped, marked as exhibits, or both. No later than one (1) business day prior to the deposition all documents shall be provided to the court reporting service. Those documents or other exhibits used for impeachment must be shared with all participants when introduced on the record via the share screen, or similar feature on the platform and attached as an exhibit to the deposition.

12. In the unlikely event that a witness cannot access the Zoom, WebEx or similar platform or if the connection is lost, the deposition may proceed via Zoom or WebEx and the witness participate telephonically.

**IT IS SO ORDERED.**

Dated: August 5, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge