1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
9     SOUTHERN DISTRICT OF CALIFORNIA
10

11   ANTHONY McALLISTER,                         Case No.:  3:19-cv-01490-MMA-AHG

12                          Plaintiff,           In Admiralty

13   v.                                          **STIPULATED PROTECTIVE**
                                                 **ORDER REGARDING**
14   UNITED STATES OF AMERICA; "K"               **CONFIDENTIAL INFORMATION**
     LINE RORO BULK SHIP
15   MANAGEMENT CO., LTD.;                        **[ECF No. 84]**
     BELOCEAN SHIPPING, S.A.; PASHA
16   HAWAII HOLDINGS, LLC; and DOES
     1-10, inclusive,
17
18                          Defendants.
19
     UNITED STATES OF AMERICA,
20
21                          Third-Party Plaintiff,
22   v.
23   SHANGHAI HIGHWAY, her engines,
     apparel, electronics, tackle, boats,
24   appurtenances, etc., *in rem*, "K" LINE
     RORO BULK SHIP MANAGEMENT
25   CO., LTD., BELOCEAN SHIPPING,
     S.A., and UNKNOWN DEFENDANTS
26
27
28

1

1  |  1-10, *in personam*,

2  |                               Third-Party Defendants.

3  |  UNITED STATES OF AMERICA,

4  |                               Third-Party Plaintiff,

5

6  |  v.

7  |  M/V MARJORIE C, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*,

8

9  |                               Third-Party Defendant.

This matter comes before the Court on the parties' Joint Motion for Protective Order (ECF No. 84), filed on February 3, 2021. Upon review and consideration, the Court **GRANTS** the Joint Motion and enters the parties' stipulated Protective Order as follows:

This case stems from an alleged injury suffered by plaintiff Anthony McAllister suffered while on the gangway for U.S.S. MAKIN ISLAND (LHD-8) when this Navy warship was pierside at Naval Base San Diego. Because of the involvement of this Navy warship and sensitive security information and materials, and with the agreement of the parties, the Court has determined that there is good cause for issuance of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, and personal representatives of certain information and items produced and received in discovery in the above-captioned action. Accordingly, it is hereby **ORDERED:**

A.  Definitions

    1.  "Action" or "Lawsuit" shall mean the above-captioned case in the Southern District of California, Case No. 3:19-cv-01490-MMA(AHG).

    2.  "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by counsel for the United States because of a good faith belief that the information: (a) is not in the

public domain, or if in the public domain, is improperly in the public domain; and (b) is material produced by or on behalf of the United States, including the United States Navy, and which is restricted insofar as the receipt, viewing, use of, possession, and dissemination of such documents and information, due to inclusion of sensitive and controlled unclassified information concerning the military, military operations, and national security, such sensitive and confidential information and materials to include, but not be limited to, materials subject to U.S. export laws and regulations, the International Traffic in Arms Regulation ("ITAR"), 22 C.F.R. § 120, *et seq*., and National Defense Information (NDI) within the meaning of 18 U.S.C. § 793(d) and (f): and (c) information that reveals trade secrets, intellectual property, or proprietary business information.  Further, such documents and information that are subject to export control regulations shall be marked with the additional following warning and restriction:

<div align="center">"CONFIDENTIAL – EXPORT CONTROLLED DOCUMENT"</div>

This Protective Order does not specify the procedures under which access to classified information, if any, is to be provided and shall not be construed as requiring the production of any information that is classified for reasons of national security. Access to such information shall be governed solely by existing laws and regulations pertaining to national security.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6. "Designating Party" and "Producing Party" shall mean the United States.

7.     "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

8.     "Derivative Documents" are documents that copy, include, and/or are derived from documents that are subject to the protections of this Protective Order.

B.   <u>Purpose, Scope, and Limitations of Protective Order</u>

1.     This Protective Order applies to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party").   This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

2.     Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

3.     This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action.   A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

4.     The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5.     This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek

relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

6. This Protective Order governs the Receiving Party's disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

7. Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal.

8. Nothing in this Protective Order shall restrict the right of the Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

9. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

10. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

11. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C. <u>Method for Designating Confidential Information</u>

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The Designation of Confidential Information should be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A (2) of this Protective Order.

Recognizing the significant burden such designation places on the Receiving Parties, the Producing Party will exercise due diligence to narrowly tailor any designation of Confidential Information to only those documents or portions thereof which it, in good faith, considers require such designation.

3.      Documents containing "Confidential Information" and produced in discovery in this Action shall be designated as containing "Confidential Information."  For such documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of a "Confidential Information" or similar designation on each page of the document asserted to contain Confidential Information.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential Information" or similar designation.  Any subsequent printed copy of such native files shall be accompanied by the image cover sheet that bears the Protective Order designation specified on the native image cover sheet.  The media on which the Confidential Information is provided (*e.g.,* CD, DVD, external hard drive) also must be and remain plainly labeled with "Confidential Information" or similar designation unless and until the protection of the data within the media is removed.  Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto. Any "Derivative Documents" must maintain the same level of marking (*i.e.*, "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – EXPORT CONTROLLED DOCUMENT", as applicable) as the source document from which it is derived, and the "Receiving Party" does not have discretion to modify, alter, or change the marking.

4.      For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each numbered interrogatory answer or response to requests for admission asserted to contain Sensitive Information the following: "Confidential Information" or similar designation.

5.      For depositions, designation of Confidential Information shall be made during the deposition on the record or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.  After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Confidential Information" or similar designation.  If the deposition was filmed, both the recording storage medium (*i.e.*, CD or DVD) and its container shall be labeled "Confidential Information" or similar designation.

6.      For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3), (4) or (5) above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential Information" or similar designation.  If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7.      If it comes to the Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D.    <u>Challenging Confidential Designations</u>

1.      A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not

preclude a subsequent challenge thereto.

2.     The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3.     The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within a reasonable time after the Designating Party receives notice from the Challenging Party.

During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation.   The Designating Party must communicate its decision(s) to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

4.     If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5.     If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, the Challenging party may file a motion seeking a determination from the Court.

6.     Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

E.     Disclosure, Use and Handling of Confidential Information

1.     A Receiving Party may use Confidential Information, in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

2.     Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

3.     Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

a.  Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b.  Current employees of the Parties, and their agents and underwriters who are assisting with respect to this Action and who also have signed the declaration of paragraph E(4) below;

c.  Any person with prior authorized access to the Confidential Information;

d.  Current employees of the United States;

e.  Witnesses, potential witnesses, and deponents, including their counsel;

f.  Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

g.  Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

h.  Expert witnesses and consultants;

i.  Mediators or arbitrators; and

j.  This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4.     <u>Export-Controlled Information</u>. Notwithstanding the above, to the extent any materials are disclosed by any party containing any marking that suggests such materials

3:19-cv-01490-MMA-AHG

are subject to the ITAR and the Export Administration Regulations (EAR) of the United States (hereinafter "Export Controlled Materials"), or marked with the above referenced "Export Control Warning Notice," the following rules apply:

Under no circumstances shall any Export Controlled Materials be shown to, made available to, communicated in any way to or shared with any non-U.S. person, either within the United States or abroad.

Further, distribution of Export Controlled Materials and the Confidential Information contained therein shall be strictly controlled and limited as follows:

No Export Controlled Materials shall be shown to, made available to, communicated in any way to or shared with persons other than essential office personnel of the parties who are U.S. persons as defined by 22 C.F.R. §120.15 and U.S. persons listed on a "Recipient List" to be provided to and approved by an authorized representative of the party producing Export Controlled Materials, and only after all such persons on the Recipient List, except for the attorneys of record, approved employees of the attorneys of record, and the Court and court personnel, having first signed a declaration in the form attached hereto as "Exhibit A."

Further, Export Controlled Materials and Confidential Information contained therein cannot be reproduced or retained in any fashion whatsoever, except for the purpose of preparation of this case, and only this case, for trial, and any appeal therefrom.

Copies, excerpts or summaries of Export Controlled Materials may be made, shown or given to those authorized pursuant to the above requirements.

To the extent that the parties wish to provide export documentation to any foreign persons as defined by 22 C.F.R. § 120.16, they shall not do so without the execution of a valid export license, as required by the Department of Commerce or the Department of State of the United States, as applicable.

Disclosure to the persons referenced in subsections (E)(3)(a)-(i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

4. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

5. Unless the United States as Designating Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available.

6. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

8. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after

3:19-cv-01490-MMA-AHG

giving reasonable notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

F.    Inadvertent Production of Confidential Information

1.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) and the procedures specified below with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2.    If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G.    Disposition of Documents Containing Confidential Information

1.    Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential

Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

2.      For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

3.      Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information and subject to this Protective Order.

4.      Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

1
2
3
4
5

    5.     In particular, after final disposition of this Action, the Designating Party shall continue to maintain and shall not destroy or delete all items previously designated as Confidential Information for a period of four (4) years; and anytime within this period of four (4) years, the Receiving Party shall have the right, with reasonable advance notice, to inspect and copy such previously designated Confidential Information.

6
7
8
9

    6.     In addition, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

10
11

    7.     The Court may modify the protective order *sua sponte* in the interests of justice or for public policy reasons.

12

**IT IS SO ORDERED.**

13
14

Dated:  February 4, 2021

15
16

_____
Honorable Allison H. Goddard
United States Magistrate Judge

17
18
19
20
21
22
23
24
25
26
27
28

3:19-cv-01490-MMA-AHG

Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McALLISTER,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; "K"<br>LINE RORO BULK SHIP<br>MANAGEMENT CO., LTD.;<br>BELOCEAN SHIPPING, S.A.; PASHA<br>HAWAII HOLDINGS, LLC; and DOES<br>1-10, inclusive,<br><br>                              Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>                    Third-Party Plaintiff,<br><br>v.<br><br>SHANGHAI HIGHWAY, her engines,<br>apparel, electronics, tackle, boats,<br>appurtenances, etc., *in rem*, "K" LINE<br>RORO BULK SHIP MANAGEMENT<br>CO., LTD., BELOCEAN SHIPPING,<br>S.A., and UNKNOWN DEFENDANTS | Case No.:  3:19-cv-01490-MMA-AHG<br><br>In Admiralty<br><br>**CERTIFICATION OF STIPULATED<br>PROTECTIVE ORDER<br>REGARDING CONFIDENTIAL<br>INFORMATION** |

1-10, *in personam*,

                    Third-Party Defendants.

UNITED STATES OF AMERICA,

                    Third-Party Plaintiff,

v.

M/V MARJORIE C, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*,

                    Third-Party Defendant.

## **<u>CERTIFICATION</u>**

1. My name is_____

2. I have read the Protective Order Regarding Sensitive Information that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of the said Protective Order, and agree to comply with and to be bound by its provisions.  I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ by _____
                                          (Print Name)

Signed_____