UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McALLISTER,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; "K" LINE RORO BULK SHIP MANAGEMENT CO., LTD.; BELOCEAN SHIPPING, S.A.; PASHA HAWAII HOLDINGS, LLC; and DOES 1-10, inclusive,<br><br>         Defendants.<br><br>AND RELATED ACTIONS | Case No.: 3:19-cv-01490-MMA-AHG<br><br>In Admiralty<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 86]** |

  This matter comes before the Court on the parties' Joint Motion for Amended Scheduling Order. ECF No. 86.

  Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence

of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

As discussed in the parties' previous joint motion for an extension of the case schedule, the parties have scheduled a private mediation for April 16, 2021 before an experienced maritime attorney and mediator. ECF No. 86 at 3. The parties seek a 90-day continuance of all deadlines in the case schedule so that they have sufficient time to conduct additional depositions if the case does not settle through the private mediation in April, and to schedule a Rule 34 vessel inspection of the MARJORIE C when it is safer to do so (assuming that most people will have received the COVID vaccine by June or July 2021). *Id.* at 3-4. In the joint motion, the parties provide more specific detail regarding their difficulties scheduling certain depositions, including that one of the key Navy witnesses who investigated the incident underlying this action contracted COVID, and another key witness had to quarantine due to suspected exposure to the virus. *Id.* at 2. Additionally, counsel have had difficulty locating certain crewmembers who need to be subpoenaed for depositions, and are awaiting subpoenaed records that will indicate whether other depositions of crewmembers from the tugboats that assisted the MARJORIE C on the morning of the incident need to be taken as well. *Id.* at 2-3.

Having considered the joint motion as well as the Joint Mediation Plan previously lodged by the parties, the Court finds good cause to **GRANT** the Joint Motion and **AMEND** the schedule as follows:

1. All fact discovery shall be completed by all parties by **September 17, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil

Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. By **October 8, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party must supplement its disclosure regarding contradictory or rebuttal

evidence under Fed. R. Civ. P. 26(a)(2)(D) by **October 29, 2021**.

4.	All expert discovery must be completed by all parties by **December 10, 2021**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

5.	Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6.	All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **January 7, 2022**.[1] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

7.	If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

8.	A Mandatory Settlement Conference shall be conducted on **February 25, 2022** at **9:30 AM** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **January 28, 2022**. The defendant must respond to the plaintiff **in writing** with a specific offer amount by **February 4, 2022**. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties

---

[1] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **February 11, 2022**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **February 18, 2022**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **February 18, 2022**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

9. The dates and times set forth herein will not be modified except for good cause shown.

10. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

11. The mediation-related deadlines set forth in the parties' Joint Mediation Plan remain in place. *See* ECF No. 83 at 2.

IT IS SO ORDERED.

Dated: March 15, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge