UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McALLISTER,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, PASHA HAWAII HOLDINGS, LLC, and DOES 1-10, inclusive, *in personam*; and M/V MARJORIE C, her engines, apparel, electronics, tackle, boats, appurtenances, etc. *in rem*,<br><br>                          Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>                          Third-Party Plaintiff,<br><br>v.<br><br>M/V MARJORIE C, her engines, apparel, electronics, tackle, boats, appurtenances, etc., *in rem*,<br><br>                          Third-Party Defendant. | Case No.:  3:19-cv-01490-MMA-AHG<br><br>In Admiralty<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 89]** |

AND RELATED ACTIONS

This matter comes before the Court on the parties' fourth Joint Motion for Amended Scheduling Order. ECF No. 89.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The Court previously extended the case schedule in this matter to give the parties sufficient time to conduct additional depositions if the case did not settle through the private mediation in April, and to schedule a Rule 34 vessel inspection of the MARJORIE C when it is safer to do so (assuming that most people will have received the COVID vaccine by June or July 2021). *See* ECF No. 87 at 2. In addition, the Court found the parties had established good cause for their requested extensions by identifying various other barriers to meeting the discovery deadlines despite their diligence, such as difficulty locating witnesses, and other key witnesses being unable to appear for depositions because they contracted COVID-19 or had to quarantine due to suspected exposure to the virus. *Id.*

Now, the parties again seek an extension of the case schedule. To establish good cause, the parties explain that the case did not settle at the private mediation on April 16, 2021, but they are still conducting discovery to prepare for second mediation and are in the process of scheduling depositions and updated medical and vocational rehabilitation exams. ECF No. 89 at 3. Significantly, the vessel inspections have still not

been scheduled, and the parties report they will not be able to conduct the inspections until October 2021 at the earliest. *Id.* Specifically, the inspections have been delayed for reasons primarily outside of the parties' control, including counsel's scheduling conflicts, operational schedules of the ships, the mandatory two-week quarantine of one vessel due to a crewmember testing positive for COVID-19, and the unavailability of the other vessel (a warship) due to deployment. *Id.* at 3-4.

Although the Court is concerned that the parties are not clear in their motion how many depositions have yet been conducted,[1] indicating that they may not have been diligently pursuing discovery since the unsuccessful April mediation, the Court nonetheless finds the parties have sufficiently established that circumstances outside their control make compliance with the current case schedule infeasible despite their diligence. Thus, the Court finds good cause to **GRANT** the Joint Motion. However, the parties are cautioned that further continuances will likely not be granted absent a stronger showing of diligence, particularly given that this case commenced more than two years ago.

The case schedule is hereby **AMENDED** as follows:

1. All fact discovery shall be completed by all parties by **December 10, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be**

---

[1] In the motion, the parties identify at least five depositions that either will be or may be taken, including "the second part of [P]laintiff's deposition," but they do not identify any depositions that have been completed. *See* ECF No. 89 at 3.

**recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. By **January 14, 2022**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

3. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **February 4, 2022**.

4. All expert discovery must be completed by all parties by **March 4, 2022**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All dispositive pretrial motions, including motions for summary judgment and motions addressing *Daubert* issues, must be filed by **March 25, 2022**.[2] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

7. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 8, *supra*, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

8. A Mandatory Settlement Conference shall be conducted on **May 20, 2022** at **9:30 AM** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **April 29, 2022**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the meet and confer session. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **May 6, 2022**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **May 10, 2022**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement

---

[2] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **May 10, 2022**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

9. The dates and times set forth herein will not be modified except for good cause shown. As noted above, the Court is unlikely to grant further extensions of the case schedule without a stronger showing of diligence to complete discovery in compliance with the existing deadlines.

10. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum will exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: August 18, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge